OPINION
Appellant, Damon T. Butler, appeals the December 19, 2000 judgment entry of the Ashtabula County Court of Common Pleas.
On May 3, 2000, appellant was indicted on one count of possession of cocaine, a felony of the fifth degree, in violation of R.C. 2925.11, and one count of tampering with evidence, a felony of the third degree, in violation of R.C. 2921.12. At appellant's arraignment on May 16, 2000, he entered a plea of not guilty to both charges. A jury trial commenced on August 1, 2000.
Detective Robert Pouska, Sr. ("Pouska") of the Ashtabula City Police Department testified that on March 1, 2000, at about 1:30 p.m., he was returning to the police station after lunch when he observed "two black males standing on the sidewalk." Pouska pulled over to the curb to see what the two individuals were doing and he saw what he thought was "a drug transaction based on the fact that one individual handed another individual something with his hand * * * [in exchange for money]." As he approached the two men, the one who had accepted the money fled by foot. Appellant was the other person that Pouska saw, and Pouska stopped appellant. Pouska recognized appellant through contact he had had with appellant throughout his career.
As appellant came closer, Pouska noticed that appellant had put his left hand into his left coat pocket. Pouska told appellant to take his hand out of his coat pocket, at which time, appellant pulled out his wallet. Pouska then asked appellant if he had anything illegal on his person. Appellant reached into his pocket again, "pulled out an off-colored white substance that [Pouska] * * * suspected to be crack cocaine * * *," which appellant popped into his mouth.
Upon witnessing appellant's actions, Pouska told appellant to "spit it out" and called for back up. Detective Joseph Cellitti ("Cellitti") of the Ashtabula City Police Department assisted Pouska. Appellant did not comply with the request, and according to Pouska, appellant "continued chewing on [the substance] probably for 30 to 45 seconds." Pouska threatened to spray appellant with mace, at which time appellant "spit numerous particles over the hood of [the police] cruiser." Appellant was placed under arrest. The particles on the hood of the police cruiser were collected by Detective James Oatman of the Ashtabula City Police Department, and a field test was conducted which verified that the substance was cocaine. The remaining particles were taken into evidence, sent to the Bureau of Criminal Identification for testing, and later identified as cocaine.
On August 2, 2000, the jury found appellant guilty of possession of cocaine and tampering with evidence. On December 19, 2000, appellant was sentenced to two years community control and ordered to complete the Northeast Ohio Community Alternative Program for a period of four to six months as determined by Trumbull County Adult Probation. Appellant's driver's license was also suspended for six months. Appellant timely filed the instant appeal and advances one assignment of error:
 "The trial court erred to the prejudice of appellant when it refused to instruct the jury on the offense of attempted tampering with evidence as requested by [appellant]."
 In his sole assignment of error, appellant asserts that the trial court erred by refusing to instruct the jury on the lesser included offense of attempted tampering with evidence.
R.C. 2921.12(A) provides that:
 "No person, knowing that an official proceeding or investigation is in progress, or is about to be or likely to be instituted, shall do any of the following:
 "(1) Alter, destroy, conceal, or remove any record, document, or thing, with purpose to impair its value or availability as evidence in such proceeding or investigation; * * *."
 Therefore, the elements of tampering with evidence are that: (1) the defendant knows that an official proceeding or investigation was in progress or likely to be instituted; (2) the defendant, with that knowledge, altered, destroyed, concealed or removed the evidence; and (3) the foregoing conduct was for the purpose of impairing the evidence's availability in any such proceeding or investigation. State v. Jenks (1991), 61 Ohio St.3d 259, 274.
An offense may be considered a lesser included offense of another if (1) the offense carries a lesser penalty than the other; (2) the greater offense cannot ever be committed without the lesser offense also being committed; and (3) some element of the greater offense is not required to prove the commission of the lesser offense. State v. Deem (1988),40 Ohio St.3d 205, paragraph three of the syllabus; State v. Hill (June 15, 2001), Lake App. No. 2000-L-021, unreported, 2001 WL 687450, at 2.
Furthermore, although an offense may be statutorily defined as a lesser included offense, an instruction to the jury on the lesser offense is required only where the evidence presented at trial would reasonably support both an acquittal on the crime charged and a conviction upon the lesser offense. State v. Thomas (1988), 40 Ohio St.3d 213, paragraph two of the syllabus. See, also, Hill, supra, unreported, at 3.
In the instant matter, it is our view that the state introduced evidence from which the jury could reasonably find all of the crime's elements. Pouska's testimony revealed that he witnessed what appeared to be a drug transaction between appellant and another individual, and he began questioning appellant. Thus, appellant knew that an official proceeding or investigation was underway. Nonetheless, appellant reached into his pocket, pulled out an off-colored white substance, which Pouska suspected to be crack cocaine, and popped it into his mouth. Appellant then chewed on the substance for thirty to forty-five seconds before spitting it out onto the police cruiser into numerous particles.
Pursuant to R.C. 2921.12(A), no person, who knows that an official proceeding or investigation is in progress, or is about to be or likely to be instituted, shall alter, destroy, conceal, or remove any record, document, or thing, with purpose to impair its value or availability as evidence in such proceeding or investigation. Here, the record supports the conclusion that appellant's action in chewing the crack cocaine into numerous particles was an act that altered and concealed a thing, with the purpose of impairing its availability for use as evidence. The substance here was altered to some degree, but still was determined to be crack cocaine. The tampering statute does not require that the thing tampered with be cocaine or any other illegal substance or thing, only that it be potential "evidence." Thus, to what degree the object was altered is immaterial to his conviction of tampering with evidence.
In State v. Price (June 15, 2000), Franklin App. No. 99AP-1204, unreported, at 1, 2000 WL 767620, the appellant was convicted of felonious assault and tampering with evidence, which arose from a drive by shooting. The evidence adduced at trial revealed that the victim knew the appellant and identified him as being involved in the shooting. A witness, who was in the appellant's car, stated that the shooter, who was also a passenger in the appellant's car, emptied two spent shell casings from the revolver used in the shooting and handed them to the appellant, reloaded the gun, and placed it under the seat. The appellant then exited the auto with the spent shell casings, and another witness saw the appellant hide the shell casings behind a vacant house.
The Tenth Appellate District stated "the offense [of tampering with evidence] was complete at the time [the] appellant hid the shell casings behind the vacant house." Id. at 5. The Price court further explained that "[t]he fact that the shell casings were ultimately recovered is simply proof tending to prove the commission of the offense; recovery of the evidence which has already been tampered with does not serve to nullify the tampering or make it an `attempt' because it was ultimately unsuccessful." Id.
In the case sub judice, since appellant knew that an official proceeding was in progress or about to be instituted, the crack cocaine appellant inserted into his mouth was potential evidence in the investigation. When appellant placed the crack cocaine into his mouth and chewed on it, the act of altering the evidence with the purpose of impairing its value or availability as evidence in an official investigation was complete. Therefore, there was a completion of the tampering with evidence offense.
Moreover, based on the testimony of Pouska and Cellitti, we conclude that there was not sufficient evidence to show that appellant should have been convicted of the lesser offense. Therefore, pursuant to Thomas,supra, an instruction on the lesser included offense would have been improper.
For the foregoing reasons, appellant's sole assignment of error is overruled. The judgment of the Ashtabula County Court of Common Pleas is affirmed.
O'NEILL, P.J., NADER, J., concur.